```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10   JOHN ALLEN RUSH,
11            Plaintiff,                No. CIV S-06-0486 MCE GGH P
12        vs.
13   LT. KUDLATA, et al.,
14            Defendants.               ORDER
15   _____/
```

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1          Plaintiff alleges that he was denied access to the yard for ninety days.  The
2 deprivation of outdoor exercise may constitute cruel and unusual punishment.  Spain v.
3 Procunier, 600 F.2d 189 (9th Cir. 1979); see Allen v. Sakai, 48 F.3d 1082, 1087-1088 (9th Cir.
4 1994)(Eighth Amendment violation found where prisoner in secured housing unit was allowed
5 only forty-five minutes of outdoor exercise per week for six weeks); Lopez v. Smith, 203 F.3d
6 1122, 1133 (9th Cir. 2000)(deprivation of outdoor exercise for forty-five days constituted cruel
7 and unusual punishment to the prisoner).  Unusual circumstances or disciplinary reasons may
8 justify long term outdoor exercise deprivation.  LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir.
9 1993).

10          When plaintiff alleges that he was denied access to the yard, it is unclear whether
11 he is claiming that he was denied access to outdoor exercise for ninety days.  Without this
12 information, the court cannot determine whether plaintiff has stated a colorable claim.  In
13 addition, plaintiff does not state why he was denied access to the yard for this period of time.  For
14 these reasons, the complaint is dismissed with leave to amend.

15          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
16 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
17 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
18 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
19 there is some affirmative link or connection between a defendant's actions and the claimed
20 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
21 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
22 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
23 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

24          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
25 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
26 amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 5/30/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
rush486.b

4